## JOSEPH S. HOPE *vs.* THE COMMONWEALTH.

An indictment for larceny must state the value of the articles alleged to be stolen; and if it alleges the stealing of various articles, but states only the collective value of the whole of them, and the jury find the defendant guilty of stealing only a part of them, no judgment can be legally rendered against him.

WRIT OF ERROR. The plaintiff in error and Timothy Peterson were tried in the court of common pleas, in the county of Middlesex, on an indictment which contained two counts. The first count alleged that said Hope and Peterson, on, &c. at Malden in said county, sundry bank bills, one pair of calf-skin shoes, one hair brush, and two combs, all of the value of sixty two dollars, of the moneys, goods and chattels, of one Samuel

Shute, then and there in the dwelling-house of said Shute being found, feloniously did steal, take and carry away, in the dwelling-house aforesaid. The second count alleged that said Hope and Peterson, on, &c. at Medford in said county, one set of steelyards, one block tin teapot, and one lot of cut nails, all of the value of three dollars, of the goods and chattels of one Nathan Tufts, then and there in the dwelling-house of said Tufts being found, feloniously did steal, take and carry away, in the dwelling-house aforesaid.

The said Peterson pleaded guilty, generally, and the said Hope (the plaintiff in error) pleaded guilty as to the first count, and not guilty as to the second. The verdict of the jury was that "the said Joseph S. Hope is guilty of stealing the steelyards, as charged in the second count, and not guilty of stealing the other articles charged in the second count." The court thereupon sentenced said Hope to imprisonment in the state prison.

The assignment of error was thus: " Said judgment is ille gal and void, in that it exceeds the punishment for simple larceny under one hundred dollars, of which alone, if any thing, in said record, the said plaintiff in error stood convict; the first count in the indictment, on which said judgment is founded, being bad for an uncertain description of the property stolen, and for an aggregate valuation being put upon all the articles therein named; and the second count being bad, be cause, under the finding of the jury, no value is shown to the articles of the stealing of which he is convicted."

*G. Bemis,* for the plaintiff in error. Both counts in the indictment are bad, because only the collective value of the different articles, which are alleged to have been stolen, is stated. The value of each article should have been expressed. See *The King* v. *Forsyth,* Russ. & Ry. 274. *Payne* v. *The People,* 6 Johns. 103. *Commonwealth* v. *Smith,* 1 Mass. 245. *The State* v. *Somerville,* 8 Shepley, 20. *Highland* v. *The People,* 1 Scam. 392. 2 Stark. Crim. Pl. (2d ed.) 450, *note,* (*c.*) The first count is also bad as to the bank bills therein mentioned, for want of any kind of description of them. *Stew-*

*art* v. *Commonwealth*, 4 S. & R. 194. *The King* v. *Fry*, Russ. & Ry. 482.

On the second count, the plaintiff in error was found guilty of stealing a set of steelyards, and nothing else. *Non constat* that they were of any value, or, if of any, of what value. So, if the bank bills be stricken from the first count, *non constat* that the other articles therein mentioned were of any value. See *O' Connell* v. *Commonwealth*, 7 Met. 460.

*S. D. Parker*, for the Commonwealth.

DEWEY, J. The plaintiff in error was charged with stealing various articles particularly set forth, to which was added a collective value only; and upon the trial, the jury acquitted him of the larceny charged in the second count, except as to one article. The question is, whether the larceny of that article is well charged.

Assuming that a collective value may be unobjectionable, where the party is found guilty of stealing the entire property described and charged to be stolen, yet it is insisted, that if allowable to that extent, it can go no further, and that, where many articles are described as of a collective value, the entire value might be attached to those articles as to which the jury have acquitted the party, and thus the remainder be really without value, and not the subject of larceny. This course of reasoning seems well founded, and leads to the result, that we have the finding of the jury that the defendant is guilty of feloniously stealing a set of steelyards, but not finding that they were of any value; and unless the allegation of value of the article alleged to be stolen is an entirely immaterial one, the defendant cannot be sentenced under this finding, upon an indictment charging merely a collective value of all the articles alleged to have been stolen.

The well settled practice, familiar to us all, has been that of stating in the indictment the value of the article alleged to have been stolen. Such is the rule as stated in 2 Hale P. C. 182; 3 Chit. Crim. Law, (4th Amer. ed.) 947 *a*; 1 ib. 238; and *Commonwealth* v. *Smith*, 1 Mass. 245. The reason for requiring this allegation and finding of value may have been, ori-

ginally, that a distinction might appear between the offences of grand and petit larceny, in reference to the extent of punishment; that being graduated, in some measure, by the value of the article stolen. Our statutes, it will be remembered, prescribe the punishment for larceny, with reference to the value of the property stolen; and for this reason, as well as because it is in conformity with long established practice, the court are of opinion that the value of the property alleged to be stolen must be set forth in the indictment, and that, where an indictment alleges a larceny in various articles, and adds only the collective value of the whole, such allegation is not sufficient, where the defendant is not found guilty of the larceny as to the whole.

*Judgment reversed.*